*Mbagoyisahaha v. Garland*

BIA
A095 967 493

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of December, two thousand twenty-one.

PRESENT:
>       SUSAN L. CARNEY,
>       RICHARD J. SULLIVAN,
>       WILLIAM J. NARDINI,
>            *Circuit Judges.*

_____

CRISTIAN MBAGOYISAHAHA,
>       *Petitioner*,

>       v.                                                      19-4087
                                                                NAC
MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
>       *Respondent*.

_____

**FOR PETITIONER:** Paul B. Grotas, Esq., New York, NY.

**FOR RESPONDENT:** Jeffrey Bossert Clark, Acting Assistant Attorney General; Keith I. McManus, Assistant Director; Nelle M. Seymour, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED.

Petitioner Cristian Mbagoyisahaha, a native and citizen of Angola, seeks review of a November 12, 2019 decision of the BIA denying his third motion to reopen. *In re Cristian Mbagoyisahaha*, No. A 095 967 493 (B.I.A. Nov. 12, 2019). We assume the parties' familiarity with the underlying facts and procedural history.

We dismiss the petition for review because we lack jurisdiction to consider it. All agree that Mbagoyisahaha's 2019 motion to reopen – his third such motion, filed more than 15 years after his 2004 removal order – was untimely and number barred. *See* 8 U.S.C. § 1229a(c)(7)(A), (C)(i). Mbagoyisahaha requested reopening to pursue adjustment of status, which does not implicate any exceptions to the time and number limitations. *Id.* § 1229a(c)(7)(C)(ii)–(iv) (listing

exceptions); 8 C.F.R. § 1003.2(c)(3) (same); *see Matter of Yauri*, 25 I. & N. Dec. 103, 105 (B.I.A. 2009) ("emphasiz[ing] that untimely motions to reopen to pursue an application for adjustment of status . . . do not fall within any of the statutory or regulatory exceptions to the time limits for motions to reopen before the Board and will ordinarily be denied").

Thus, Mbagoyisahaha's motion necessarily relied on the BIA's authority to reopen his proceedings sua sponte. *See Mahmood v. Holder*, 570 F.3d 466, 469 (2d Cir. 2009); *see also* 8 C.F.R. § 1003.2(a). With one exception, however, we lack jurisdiction to review the BIA's "entirely discretionary" decision not to reopen sua sponte. *Ali v. Gonzales*, 448 F.3d 515, 518 (2d Cir. 2006). Mbagoyisahaha attempts to fit this case into the exception, arguing that "the [BIA] may have declined to exercise its sua sponte authority because it misperceived the legal background and thought, incorrectly, that a reopening would necessarily fail." Mbagoyisahaha's Br. 12 (quoting *Mahmood*, 570 F.3d at 469). But the BIA did not address Mbagoyisahaha's eligibility to adjust or consider whether such a claim would fail; it simply found he had not shown an exceptional situation warranting reopening.

Mbagoyisahaha raises several additional arguments in favor of our reviewing the BIA's denial of his reconsideration motion. He observes that the

3

BIA failed to determine his prima facie eligibility for adjustment of status and did not address each of his arguments that exceptional circumstances warrant reopening, making it "unclear . . . whether the Board correctly perceived the legal background" of the motion and relevant law to apply. Mbagoyisahaha's Br. 12. But the BIA was not required to address the underlying merits of Mbagoyisahaha's motion because it was untimely and number barred. Nor was the BIA required to parse each of his arguments concerning the existence of exceptional circumstances warranting reopening. It was enough that the BIA found a lack of exceptional circumstances. That alone is sufficient to deprive us of jurisdiction. *See Ali*, 448 F.3d at 518.

Mbagoyisahaha also argues that the BIA erred by stating that he was seeking to apply for adjustment of status before U.S. Citizenship and Immigration Services rather than before an immigration judge. But even if we assume that to have been an error, the BIA made that statement in the context of finding no exception to the time and number limitations, not as an independent legal basis for declining to reopen sua sponte. Accordingly, the BIA did not "misperceive[] the legal background" or erroneously determine that adjustment would "necessarily" fail. *Mahmood*, 570 F.3d at 469.

4

For the foregoing reasons, the petition for review is DISMISSED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court